NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0889n.06

No. 11-5531

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 13, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JACK BURKE, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| BRADLEY COUNTY GOVERNMENT; | ) | DISTRICT OF TENNESSEE |
| SHERIFF TIM GOBBLE, In his individual | ) | |
| and official capacity; CAPTAIN GABRIEL | ) | |
| THOMAS, In his individual and official | ) | |
| capacity; SGT. KEITH HIXSON, In his | ) | |
| individual and official capacity, | ) | AMENDED |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | |
| JASON FINT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

BEFORE: KEITH, GIBBONS, and DONALD, Circuit Judges.

PER CURIAM. Jack Burke, Jr., a Tennessee citizen, appeals the grant of summary judgment for defendants in his civil rights action.

Burke, who worked as a corrections officer at the Bradley County jail, filed a complaint against Bradley County, the sheriff, two of his supervisors, and an inmate. Burke alleged that, on October 17, 2009, he was assaulted by the inmate. He alleged that his assault was made possible by county policies of understaffing the jail and failing to train the staff. Moreover, he alleged that defendant Hixson, who had been informed that the inmate threatened Burke's life, nevertheless

ordered Burke to enter the inmate's cell. Burke alleged that defendants violated the Tennessee Human Rights Act as well as his federal civil rights. The complaint, which was originally filed in state court, was removed to the federal district court.

The county defendants moved for summary judgment on the ground that Burke's exclusive remedy against them was under the Tennessee Workers' Compensation Act, under which he already was collecting benefits. The district court granted the motion and remanded the claim against the inmate to the state court. This appeal followed. Burke argues that the district court erred in concluding that he did not have a claim for a substantive due process violation under the state-created danger theory, or a claim under the Tennessee Human Rights Act, in addition to his workers' compensation remedy.

De novo review of the record shows that defendants were properly granted summary judgment, because there is no genuine issue and defendants were entitled to judgment as a matter of law. *See Sperle v. Mich. Dep't of Corr.*, 297 F.3d 483, 490 (6th Cir. 2002).

Burke's § 1983 claim is based on an argument that the state-created danger theory is applicable here. In order to prove a claim under the state-created danger theory recognized by this circuit in *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998), it must be shown that a government actor increased a risk to a plaintiff who was especially endangered and that the government actor had the requisite degree of culpability. *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). In the case of a voluntary employment relationship, this requires a showing of intentional harm. *See id.* at 538, 543-44. Burke has failed to present evidence that the county defendants actually intended for the inmate to assault him. Therefore, Burke failed to demonstrate a genuine issue as to this element of his claim.

Finally, although Burke cited to the Tennessee Human Rights Act, he alleged no facts that would demonstrate that he was subject to employment discrimination in order to have a claim under that Act. Tenn. Code Ann. § 4-21-101(a).

Accordingly, the district court's judgment is affirmed.